UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EUGENE A. DeLORME,

                              Plaintiff,

                                                                 Case # 14-CV-6104-FPG

v.

                                                                   DECISION AND ORDER

PAUL A. MARKWITZ et al.,

                              Defendants.
_____

## INTRODUCTION

Eugene A. DeLorme ("Plaintiff") brings this action pursuant to the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* ("SCA") against seven defendants, all of whom are officers and members of Local Union 118 of the International Brotherhood of Teamsters (the "Union"). ECF No. 1. Plaintiff claims that Defendants violated the SCA when they accessed emails that he left behind when he was removed from his position with the Union. *Id.*

On April 25, 2016, Defendants moved for summary judgment. ECF No. 33. On June 22, 2016, the day that Plaintiff was required to respond to Defendants' motion, Plaintiff filed an application for relief pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). ECF Nos. 35, 36, 37. For the reasons that follow, Plaintiff's application is GRANTED and Defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff commenced this action on March 4, 2014. ECF No. 1. Thereafter, the case was referred to United States Magistrate Judge Jonathan W. Feldman. ECF No. 10. Pursuant to the report submitted after the parties' Rule 26(f) planning meeting, Plaintiff and Defendants agreed to certain discovery deadlines. ECF No. 12, at ¶¶ 1-2.

1

The initial proposed deadlines were ultimately amended, and pursuant to Judge Feldman's November 2, 2015 scheduling order, discovery in this case was to be completed by December 31, 2015 and dispositive motions were due by February 29, 2016. ECF No. 31, at 3. The Order specifically stated that "Plaintiff shall depose defendants Christopher Toole and, if necessary, Paul Markwitz in order to inquire about the operation of [the Union]'s email system and the decision to access Plaintiff's emails." *Id.*

On February 26, 2016, Plaintiff sent a letter to Judge Feldman seeking to extend the discovery and dispositive motion deadlines. ECF No. 32. Specifically, Plaintiff indicated that the parties were attempting to draft a stipulation of facts that would eliminate Plaintiff's need to depose defendants Markwitz and Toole. *Id.* at 1. At that time, the parties had not been able to finalize a stipulation of facts and Defendants Markwitz and Toole had not been deposed, and therefore Plaintiff asserted that "the filing of any summary judgment motion is premature. If Defendants were to nevertheless proceed with the filing of a summary judgment motion, Plaintiff would have no choice but to submit an affidavit under Fed. R. Civ. P. 56(d), as many facts would not be available to Plaintiff." *Id.* Accordingly, Plaintiff requested that Judge Feldman extend the dispositive motion deadline from February 29, 2016 to April 29, 2016. *Id.* at 2. Plaintiff contended that this extension would give the parties "sufficient time to complete efforts to prepare and execute the stipulation of facts" or alternatively to "conduct any depositions that may become necessary." *Id.* Judge Feldman granted the request and extended the deadline for dispositive motions to April 29, 2016. ECF No. 32.

Defendants moved for summary judgment on April 25, 2016, and Plaintiff's response was due on May 23, 2016. ECF Nos. 33, 34. On May 20, 2016, the Court granted Plaintiff an extension of time and ordered that he respond to Defendants' motion by June 15, 2016. ECF No.

2

34. On June 14, 2016, Plaintiff was granted another extension of time and was required to respond by June 22, 2016. ECF No. 35. On June 22, 2016, instead of responding to Defendants' motion, Plaintiff filed an affidavit and memorandum of law in support of an application for relief pursuant to Rule 56(d). ECF Nos. 36, 37. Plaintiff asserts that, without deposing Defendants Markwitz and Toole, he cannot adequately respond to Defendants' motion and requests that he be allowed to conduct those depositions before he is required to respond. *Id.* Defendants "vigorously oppose the reopening of discovery" and maintain that Plaintiff has not demonstrated that he is entitled to the relief he requests. ECF No. 38.

## DISCUSSION

Rule 56(d) provides that: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The grant of relief pursuant to this rule is within the Court's discretion. *Carpenter v. Churchville Greene Homeowner's Ass'n, Inc.*, No. 09-CV-6552, 2011 WL 710204, at *4 (W.D.N.Y. Feb. 22, 2011) (citing *U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 995 F.2d 375 (2d Cir. 1993)).

Under Rule 56(d), the party seeking discovery must "make a specific proffer as to the discovery it would seek," and "a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 573 (2d Cir. 2005) (citation and quotation marks omitted). Specifically, "[t]o request discovery under Rule 56[d], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably

3

expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citation omitted).

## I.   Necessary Facts

Plaintiff's affidavit asserts that he cannot appropriately oppose Defendants' summary judgment motion without first deposing Defendants Toole and Markwitz. ECF No. 36, at 1-9. Plaintiff argues that it is necessary to depose Defendant Toole because Defendants' motion—specifically Defendants' statement of undisputed facts—relies almost exclusively on Defendant Toole's affidavit. *Id.* at ¶¶ 11-12. Similarly, Plaintiff argues that it is necessary to depose Defendant Markwitz because doing so may controvert Defendant Toole's affidavit. *Id.* at ¶ 15. Plaintiff contends that these depositions would create genuine issues of material fact, and he sets forth a list of numerous questions and issues he wishes to explore in these depositions. *Id.* at ¶¶ 13-15. After reviewing the issues detailed in Plaintiff's affidavit, the Court finds that Plaintiff has sufficiently demonstrated what facts he seeks through this additional discovery and how those facts are reasonably expected to raise genuine issues of material fact.

## II.   Affiant's Efforts

A Rule 56(d) affidavit must also demonstrate what efforts the affiant has made to obtain the information sought and why the affiant's efforts were unsuccessful. *Gualandi*, 385 F.3d at 244. As mentioned previously, counsel for the parties attempted to negotiate a stipulation of facts that would eliminate the need to depose Defendants Markwitz and Toole. According to the record, Defendants sent Plaintiff a proposed stipulation of facts on January 26, 2016. ECF No. 38-2, at 2-7. Plaintiff's counsel did not respond until February 23, 2016, at which time he indicated that he had reviewed the stipulation of facts and would suggest changes. *Id.* at 6-7.

Three days later, on February 26, 2016, Plaintiff's counsel asked Judge Feldman to extend the February 29, 2016 dispositive motion deadline to April 29, 2016, so that the parties could finalize the stipulation of facts or depose Defendants Markwitz and Toole. ECF No. 32. Judge Feldman granted the request and the dispositive motion deadline was set to April 29, 2016. *Id.* The record is silent as to what efforts were made to resolve the instant discovery issue between February 26, 2016, when Plaintiff asked for an extension of time, and April 25, 2016, when Defendants filed their summary judgment motion.

**III.   Appropriate Order**

Rule 56(d) allows the Court to "issue any other appropriate order" that it deems proper under the circumstances. Fed. R. Civ. P. 56(d). Although the Court finds that Plaintiff satisfies the requirements of Rule 56(d), the Court is troubled that Plaintiff was granted a two month extension of the dispositive motion deadline and then, as far as the Court can tell, failed to use that time to resolve this discovery issue. Moreover, Plaintiff never alerted the Court that he needed even more time to conduct discovery. Instead, Plaintiff's counsel asked for several extensions of time to respond to Defendants' summary judgment motion and then filed a Rule 56(d) affidavit instead of responding in compliance with the Court's scheduling order.

Rule 56(d) "will not be liberally applied to aid parties who have been lazy or dilatory." *Labombard v. Winterbottom*, No. 8:14-cv-00071 (MAD/CFH), 2015 WL 6801206, at *5 (N.D.N.Y. Nov. 6, 2015) (citation omitted). As the Second Circuit has explained,

> [c]laims of a need for more discovery by a party who has diligently used the time available . . . should be given more favorable consideration than claims by one who has allowed months to pass unused. Moreover, when alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule. A party who both fails to use the time

5

> available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985).

As a result of the delays described above, Defendants argue that Plaintiff's counsel should be sanctioned pursuant to Federal Rule of Civil Procedure 56(h). Rule 56(h) permits the Court to order a party to pay reasonable expenses, including attorney's fees, if he or she submits an affidavit or declaration under Rule 56 in bad faith. Fed. R. Civ. P. 56(h). "Bad faith" is only found, however, "when the attorney's conduct is egregious, such as where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012) (quotation marks and citation omitted). Here, there is no evidence that would permit the Court to find the requisite "bad faith" to impose sanctions under Rule 56(h). Accordingly, Defendants' request for sanctions under Rule 56(h) is DENIED.

As mentioned, however, it was improper for Plaintiff to ignore the Court's scheduling order[1] and to fail to request more time to conduct discovery before the dispositive motion deadline, which created an unnecessary delay. The Court must balance the interests of both parties to create an "appropriate order" in this case. In doing so, the Court finds that simply permitting Plaintiff to conduct the additional discovery would be inappropriate. Similarly, precluding Plaintiff from taking the depositions he has requested goes too far in the opposite direction. Therefore, to strike the proper balance between Plaintiff's need for this discovery and the unnecessary delay that has occurred, the Court will permit Plaintiff to conduct the additional

---

[1] The Court notes that, although it declines to do so here, it is entitled to sanction an attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

discovery requested, but Plaintiff's counsel will be responsible for the attorney's fees and costs that Defendants incur as a result of deposing Defendants Markwitz and Toole. Plaintiff's counsel, not Plaintiff, must pay the associated fees and costs. *See Barsoumian v. Szozda*, 108 F.R.D. 426, 426 (S.D.N.Y. 1985) (requiring plaintiffs' counsel to pay attorney's fees and costs without recourse to his clients because "plaintiffs should not have to suffer the consequences of their attorney's negligence").

## CONCLUSION

For the reasons stated, Plaintiff's application for relief pursuant to Rule 56(d) (ECF Nos. 36, 37) is GRANTED. Defendants' summary judgment motion (ECF No. 33) is DENIED WITHOUT PREJUDICE. Discovery in this case is reopened until March 31, 2017, for the limited purpose of deposing Defendants Markwitz and Toole. Plaintiff's counsel is responsible for the attorney's fees and costs that Defendants incur as a result of deposing Defendants Markwitz and Toole. Dispositive motions are now due by May 1, 2017.

IT IS SO ORDERED.

Dated: February 8, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court